## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA- FORT MYERS DIVISION

------------------------------------------------------------------------x

Yailien Blanco,

                Plaintiff,

                                                      Case No.: 2:21-cv-373

      -against-                               Demand for Trial by Jury

Experian Information Solutions, Inc.,
Comenity Capital Bank,

                Defendant(s).

------------------------------------------------------------------------x

## **COMPLAINT**

       Plaintiff Yailien Blanco ("Plaintiff"), by and through her attorneys, and as for her

Complaint against Defendant Experian Information Solutions, Inc., ("Experian") and Defendant

Comenity Capital Bank ("Comenity Bank"), respectfully sets forth, complains, and alleges, upon

information and belief, the following:

## **JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

    U.S.C. § 1681p *et seq.*

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the

    acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts

    business here.

3.  Plaintiff brings this action for damages arising from the Defendants' violations of 15

    U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Lee.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Florida, and may be served with process upon the CT Corporation System, its registered agent for service of process at 1200 S. Pine Island Rd, Plantation, Florida 33324.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Comenity Capital Bank is a person who furnished information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at 12921 South Vista Station Blvd, Ste 400, Draper, UT, 84020,

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

Comenity Bank Dispute and Violation

11. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her Comenity Bank account for the Bealls store (Account # 58563734xxxx).

12. The inaccurate information furnished by Defendant Comenity Bank and published by Experian is inaccurate since the account contains an incorrect payment status.

13. The tradeline currently reflects a $0 balance.

14. Despite this Comenity Bank continues reporting a current pay status of "180 days past due."

15. The pay status is of significance. Listing a debt with a $0 balance owed as "180 days past due" is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report the account in this fashion, lenders believe the consumer is currently late negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

16. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting on or around June 30, 2020.

18. It is believed and therefore averred that Defendant Experian notified Defendant Comenity Bank of the Plaintiff's dispute.

19. Upon receipt of the dispute of the account from Experian, Comenity Bank failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

20. Had Comenity Bank done a proper investigation it would have been revealed to Comenity Bank that the payment status was being inaccurately reported.

21. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did no timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

22. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter.

23. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the payment status was improperly listed.

24. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

25. As of the date of the filing of this Complaint, Defendant Comenity Bank continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above referenced tradeline continues to be inaccurate and materially misleading.

26. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

29. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

30. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotion pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Yailien Blanco, an individual, demands judgement in her favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

34. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

36. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

37. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Yailien Blanco, an individual, demands judgement in her favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Comenity Bank)

41. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

43. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed must report the results to other agencies which were supplied such information.

46. The Defendant Comenity Bank violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47. Specifically, Defendant Comenity Bank continued to report this account of the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading payment status information.

48. As a result of the conduct, action and inaction of Defendant Comenity Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. The conduct, action and inaction of Defendant Comenity Bank was willful, rendering Defendant Comenity Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Yailien Blanco, an individual, demands judgement in her favor against Defendant Comenity Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Comenity Bank)

51. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

54. Pursuant the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

55. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

56. Defendant Comenity Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

57. After receiving the Dispute Notice from Experian, Defendant Comenity Bank negligently failed to conduct its reinvestigation in good faith.

58. A reasonable investigation would require a furnisher such as Defendant Comenity Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

59. Had Comenity Bank done a reasonable investigation, Comenity Bank would have seen that the payment status was improperly listed and updated it to reflect the proper status.

60. The conduct, action and inaction of Defendant Comenity Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

61. As a result of the conduct, action and inaction of Defendant Comenity Bank, the Plaintiff suffered damages for loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity Bank, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Yailien Blanco, an individual, demands judgement in her favor against Defendant Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

63. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  May 7, 2021

Respectfully Submitted,
**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com